

F I L E D

OCT 29 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

07 - 681

®AO 241
(Rev. 12/04)

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: | Delaware |
|---|---|---|

| Name (under which you were convicted): Norman X Decker | Docket or Case No.: Superior Court I.D.- 148, 2006 |
|---|---|

| Place of Confinement: D.C.C. Smyrna Delaware 1181 Paddock Rd. 19977 | Prisoner No.: 141903 |
|---|---|

| Petitioner (include the name under which you were convicted) Norman X Becker | Respondent (authorized person having custody of petitioner) v. Warden Thomas Carroll |
|---|---|

The Attorney General of the State of

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

Superior Court, NewCastle County

(b) Criminal docket or case number (if you know):   I.D. 148, 2006

2.  (a) Date of the judgment of conviction (if you know):   September 30, 2005

(b) Date of sentencing:   April 10, 2006

3.  Length of sentence:   Natural life

4.  In this case, were you convicted on more than one count or of more than one crime?   ☑ Yes   ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

NO 411 0291        Robery 2nd      (No weapon)
IN04 110292       Attempt Carjack   (No weapon)
IN 04 111095      Robery 1st       (No weapon)
IN 04111 096      Robery 1st       (No weapon)

6.  (a) What was your plea? (Check one)

☑ (1)   Not guilty        ☐   (3)   Nolo contendere (no contest)

☐ (2)   Guilty            ☐   (4)   Insanity plea

AO 241
(Rev. 12/04)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury    ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☑ No

8. Did you appeal from the judgment of conviction?

☑ Yes    ☐ No

9. If you did appeal, answer the following:

(a) Name of court:    Delaware Supreme Court

(b) Docket or case number (if you know):    148, 2006

(c) Result:    Affirmed

(d) Date of result (if you know):    December 12, 2006

(e) Citation to the case (if you know):

(f) Grounds raised:    Ineffective assistance of Counsel
Trial Court error
And Attorney and Judge in this case
Would Not accept my plea of insanity, despite
lifetime of Mental illness and hallucinations,
Visual and Auditory, at time of Crime

(g) Did you seek further review by a higher state court?    ☑ Yes    ☐ No

If yes, answer the following:

(1) Name of court:    Delaware Supreme Court
(2) Docket or case number (if you know):    148, 2006
(3) Result:    Affirmed

(4) Date of result (if you know):    December 12, 2006

(5) Citation to the case (if you know): *Ineffective Assistance of Counsel*

(6) Grounds raised: *Ineffective assistance of Counsel*
*that both attorney and Judge Would not accept*
*plea of insanity Despite life long mental illness*
*and hallucinations, visual and auditory at time of crime*

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions
    concerning this judgment of conviction in any state court?  ☐ Yes  ☒ No

11. If your answer to Question 10 was "Yes," give the following information:

    (a)  (1) Name of court:

         (2) Docket or case number (if you know):

         (3) Date of filing (if you know):

         (4) Nature of the proceeding:

         (5) Grounds raised:

         (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

         ☐ Yes  ☒ No

         (7) Result:

         (8) Date of result (if you know):

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

$N/A$

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐  Yes    ☐  No

(7) Result:

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

$N/A$

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐    Yes        ☐    No

(7) Result:                                                             N|A

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition:        ☐    Yes        ☐    No

(2) Second petition:    ☐    Yes        ☐    No                N|A

(3) Third petition:      ☐    Yes        ☐    No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.      For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
         laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts
         supporting each ground.

         CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court
         remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the
         grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE:      Trial Court error

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Despite repeated Motions to the Court (on Docket)
and oral and written requests prior to trial to
accept a plea of insanity at the time of the crime
both attorney and Judge refused and forced me to
go to trial when I did not know how to
defend myself    I was unable

(b) If you did not exhaust your state remedies on Ground One, explain why:

N/A

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know):

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? N/A ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

N/A

**GROUND TWO:**  Ineffective Assistance of Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Despite Written Requests to Attorney to discuss
My trial Attorney did not visit at any time
Nor make even a Minimal effort to defend me:
bring to Attention to the Court My wish to plead
insanity. The Court and the attorney acted Without
My participation (ability to defend properly)

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)      **Direct Appeal of Ground Two:**

     (1) If you appealed from the judgment of conviction, did you raise this issue?     ☑ Yes    ☐  No

     (2) If you did not raise this issue in your direct appeal, explain why:

(d)      **Post-Conviction Proceedings:**

     (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

          ☐  Yes   ☑ No      State Appeals Court

     (2) If your answer to Question (d)(1) is "Yes," state:

     Type of motion or petition:

     Name and location of the court where the motion or petition was filed:      N/A

     Docket or case number (if you know):

     Date of the court's decision:               N/A

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?          N|A          ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?          ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):          N|A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N|A

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :
have used to exhaust your state remedies on Ground Two

N|A

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N|A

AO 241
(Rev. 12/04)

(b) If you did not exhaust your state remedies on Ground Three, explain why?

N|A

(c)   **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ❏   Yes        ❏   No

(2) If you did not raise this issue in your direct appeal, explain why:

N|A

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏   Yes        ❏   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:                                                      N|A

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):                                            N|A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                              ❏   Yes        ❏   No

(4) Did you appeal from the denial of your motion or petition?                         ❏   Yes        ❏   No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❏   Yes        ❏   No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):                                            N|A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N|A

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

N|A

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N|A

(b) If you did not exhaust your state remedies on Ground Four, explain why:

N|A

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

N|A

(d)     **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

N|A

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

N|A

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?            ☐ Yes      ☐ No

(4) Did you appeal from the denial of your motion or petition?        ☐ Yes      ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes      ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N|A

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N|A

(e)        **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
           have used to exhaust your state remedies on Ground Four:

N|A

AO 241
(Rev. 12/04)

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court
having jurisdiction?    ☑ Yes    ☐ No
If your answer is "No," state which grounds have not been so presented and give your reason(s) for not
presenting them:

(b)    Is there any ground in this petition that has not been presented in some state or federal court? If so,
ground or grounds have not been presented, and state your reasons for not presenting them:

N|A

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction
that you challenge in this petition?    ☐ Yes    ☑ No
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues
raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy
of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for
the judgment you are challenging?    ☐ Yes    ☑ No
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the
raised.

AO 241
(Rev. 12/04)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the
       judgment you are challenging:

       (a) At preliminary hearing:    _____

       (b) At arraignment and plea:    Edmond M. Hillis, Esquire
                                       Public Defender
       (c) At trial: _____        820 N. French St Wilmington De. 19801

       (d) At sentencing:  _____

       (e) On appeal:    Bernard J. O'Donnell.
                         Public Defender, Wilmington
       (f) In any post-conviction proceeding:

       (g) On appeal from any ruling against you in a post-conviction proceeding:

                                       _____

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are
       challenging?        ☐ Yes    ☒ No

       (a) If so, give name and location of court that imposed the other sentence you will serve in the future:


       (b) Give the date the other sentence was imposed:

       (c) Give the length of the other sentence:

       (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the
       future?        ☐ Yes    ☐ No                N/A

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain
       the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

AO 241
(Rev. 12/04)

Please Note:    I was given a 3 hour Cursory mental Health exam.   Trial court would Not Allow all lifetime mental Health records OR V.A. Records.   I advised the court I was not following what was going on # and I was threatened with being strapped down in a chair.  Court docket will show my attempt to plead insanity well aheas of trial.

#  in transcript

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.   § 2244(d) provides in

part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:    *Remand for new Trial Allowing for me to plead insanity and let the Jury decide the insanity issue*

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for
Writ of Habeas Corpus was placed in the prison mailing system on  *22 october 07*   (month, date, year).

Executed (signed) on  *20 october 07*   (date).

*Norman E Becker*

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

IN FORMA PAUPERIS DECLARATION

_____

[insert appropriate court]

* * * * *

IN THE SUPREME COURT OF THE STATE OF DELAWARE 1 2 2006

| | | |
|---|---|---|
| NORMAN X. BECKER, | § | |
| | § | No. 148, 2006 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | in and for New Castle County |
| STATE OF DELAWARE, | § | Cr. ID No. 0410016765 |
| | § | |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: November 8, 2006
Decided: December 12, 2006

Before **HOLLAND**, **BERGER** and **JACOBS**, Justices

## O R D E R

This *12*th day of December 2006, upon consideration of the appellant's brief filed pursuant to Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:

(1) The defendant-appellant, Norman X. Becker, was found guilty by a Superior Court jury of two counts of Robbery in the First Degree and one count of Attempted Carjacking in the First Degree. On the first robbery conviction, he was sentenced as a habitual offender to life in prison.[1] On the second robbery conviction, he was sentenced to 10 years incarceration at Level V, to be suspended after 7 years for 2 years of Level III probation. On

---

[1] Del. Code Ann. tit. 11, § 4214(b).

the carjacking conviction, he was sentenced to 5 years incarceration at Level V, to be suspended after 3 years for 2 years at Level III probation. This is Becker's direct appeal.

(2)    Becker's counsel has filed a brief and a motion to withdraw pursuant to Rule 26(c). The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) the Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for claims that could arguably support the appeal; and (b) the Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[2]

(3)    Becker's counsel asserts that, based upon a careful and complete examination of the record, there are no arguably appealable issues. By letter, Becker's counsel informed Becker of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw, the accompanying brief and the complete trial transcript. Becker also was informed of his right to supplement his attorney's presentation. Becker responded with a brief that raises two issues for this Court's consideration. The State has

---

[2] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

2

responded to the position taken by Becker's counsel as well as the issues raised by Becker and has moved to affirm the Superior Court's judgment.

(4)    Becker raises two issues for this Court's consideration. He claims: (a) he was improperly prevented from presenting his history of mental health problems to the jury; and (b) the charges brought against him were excessive, resulting in excessive sentences.

(5)    The evidence presented at trial established the following. On October 20, 2004, at approximately 3:45 p.m., Becker walked into the Wilmington Trust Company building at 1001 N. Market Street, Wilmington, Delaware. He gave a teller named Damon Marable a blank deposit slip with the words "give me all of your money now" written on the back. Becker then moved his right hand back towards his hip as if he had a weapon in his pocket. Marable handed Becker a number of bills, which Becker placed in his pockets. As he was leaving the bank, Becker apologized to Marable.

(6)    A couple of blocks from the bank, Becker approached a pick-up truck parked at the corner of 9th and Shipley Streets. Sitting in the truck was Christopher Ventresca, a building contractor who had been working at a nearby office building. Becker, looking "crazed," tried to pull Ventresca out of the truck, saying that he had just robbed a bank, had a gun, and would kill Ventresca if he didn't get out of the truck. During the struggle, Becker

3

pushed Ventresca out of the way and jumped into the cab of the truck behind

the steering wheel. Finally, a maintenance worker from the building where

Ventresca had been working ran over, pulled Becker out of the truck, and

held him down until a City of Wilmington police officer arrived. The officer

found Becker to be "incoherent" at the time of his arrest. He recovered

$2,785.00 from Becker, which was the exact amount stolen from the bank,

but found no weapon. The officer then accompanied Becker to the bank,

where the teller identified Becker as the robber.

(7)    At trial, a latent fingerprint from Becker, which was found on

the deposit slip that had been handed to the teller, was admitted into

evidence. Also admitted into evidence were security photographs from

Wilmington Trust, which showed Becker at the teller's window during the

course of the robbery. Becker testified at trial, stating that he went to the

bank in order to rob it and that he was hearing voices at the time. He

attempted to testify concerning his history of mental illness, but the State

objected on the ground of relevance and the judge sustained the objection.

(8)    Becker's first claim is that he was improperly prevented from

presenting his history of mental health problems at trial. The record reflects

that, at the request of the Superior Court, Becker was evaluated by a

psychologist to determine his competency to stand trial. In her written

4

report, the psychologist stated that Becker was not only competent to stand trial, but also was sane at the time he committed the charged offenses. The record further reflects that, on the day of trial, Becker, independent of his counsel, requested the Superior Court to change his plea to "not guilty by reason of insanity at the time of the crime." After a colloquy with Becker's counsel, who stated that there was no factual basis for such a plea, the judge denied Becker's request. In light of the psychologist's findings and defense counsel's representation, we find no error or abuse of discretion on the part of the Superior Court in so ruling.[3] We, therefore, conclude that Becker's first claim is without merit.

(9)  Becker's second claim is that the charges brought against him were excessive, resulting in excessive sentences. The record reflects that Becker was charged with, and found guilty of, two counts of first-degree robbery and one count of first-degree attempted carjacking. A conviction of first-degree robbery requires the State to prove beyond a reasonable doubt that " . . . [in the course of committing theft], . . . the person . . . represents by word or conduct that the person is in possession or control of a deadly

---

[3] To the extent that Becker attempts to attribute the judge's ruling to ineffective assistance by his trial counsel, that attempt must fail. This Court will not entertain an ineffective assistance of counsel claim for the first time on direct appeal. *Wing v. State*, 690 A.2d 921, 923 (Del. 1996).

5

weapon . . . ."[4]  At trial, the evidence was that, in the course of stealing money from the bank, Becker gave the impression to the teller that he had a gun in his pocket and that, in the course of appropriating a truck to make a getaway, Becker told the driver that he had a gun and would kill him. As such, the evidence was sufficient to support Becker's two first-degree robbery convictions.

(10) A conviction of first-degree attempted carjacking requires the State to prove beyond a reasonable doubt that " . . . the person knowingly and unlawfully [attempted to take] possession or control of a motor vehicle, from another person . . . by coercion . . . and . . . represent[ed] by word or conduct that the person [was] in possession or control of a deadly weapon."[5] Moreover, the statute provides that it is not a violation of double jeopardy for a defendant to be charged with, and convicted of, both first-degree robbery and first-degree attempted carjacking.[6]  The evidence adduced at trial, thus, fully supports Becker's conviction of the additional charge of first-degree attempted carjacking. In the absence of any evidence that the charges against Becker, or his sentences, were excessive, we conclude that his second claim also is without merit.

---

[4] Del. Code Ann. tit. 11, §§ 831(a), 832(a) (2).

[5] Del. Code Ann. tit. 11, § 836(a) (4); § 531 ("Attempt to commit a crime is an offense of the same grade and degree as the most serious offense which the accused is found guilty of attempting.")

[6] Del. Code Ann. tit. 11, § 836(f).

(11)   This Court has reviewed the record carefully and has concluded that Becker's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Becker's counsel has made a conscientious effort to examine the record and has properly determined that Becker could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

Carolyn Berger
Justice

Clerk of the Court U.S. District
Court — Delaware

24 october 07

(1) Dear Clerk of Court          07-681

Please Find enclosed Writ

# 2254

F I L E D

OCT 2 9 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

There has been blatant
disregard for my rights, I
barely remember the trial and
every time I would verbally
Appeal to the trial Court
that I was seeing ad hearing
things outside the normal I
was ignored.

I am not an attorney and I
have someone helping me.

Please Find memo                    Norman Becker
of Case Law

Petitioner asks Court to Consider Trial Court's attitude " that the issue of Beckers right to insanity defense is an issue for appeals Court. See trial transcript.

07 - 681

In Cooper v oklahoma " that oklahoma law presuming defendant is Competant to stand trial unless he proves incompetance by clear convincing evidence violates due process" Bryon Cooper v oklahoma 116 S.ct 1373

Also See Chavez v united States 656 F2d 512

Drope v Missouri 95 sct. 896

Pate v Robinson 86 sct. 836

Moore v United States 464 F2d 663

Hernandez v Yist 930 F2d 714

Speedy v Wyrick 748 F2d 481

FILED
OCT 29 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

And united States ex rel Norman B Parson

Raymond v Anderson, warden Habeas Corpus #67 :

Writ granted when State refused to further examine Defendant when psychologist stated the Defendant was Mentally disturbed at time of Crime.

Court docket will Cleary indicate Petitioner Notified the court well in advance his intended insanity defense

Norman Becker
141 903   UNIT 23 - D - L - 12
WARE CORRECTIONAL CENTER
ADDOCK ROAD
NA, DELAWARE  19977

7 - 681

United States District Court
District of Delaware
Lockbox 18
844 King St
Wilmington, Delaware
19801

U.S.M.S
X-RAY

Clerk of Court

07-681

District Court
District of Delaware

26 october 07

RECEIVED
OCT 29 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Dear Clerk of Court:

This writ was returned to me

by Accounting (here at D.C.C.)

because My Funds did Not follow

Me from Gander Hill. I am

Not elligible for Indigent Status.

Please Find Complaint Sent to

Officials here. Please Accept this

writ before time limitations take effect

I will Send Filing Fee When Monies

are returned to Me.

NORMAN BECKER

Grievance / Complaint

Norman Becker #141903  Bldg 23-D-L-12

Was transferred here From Gander

Hill two weeks Ago, Money did

Not Follow. I have Court Case,

I Must pay Filing Fee. D.O.C.

is preventing Me From Moving Forward

by their Keeping My Money.

Copy to Federal District Court