IN The United States District Court
District OF Delaware

NORMAN X Becker

v

Warden Thomas Carroll

1:07-CV-681
JJF

Case # Supreme Court (De)
1482006

Superior Court (De)
0410016765

On appeal From The Superior Court Newcastle County
State OF Delaware

opening brief

Comes Now Norman X Becker, Appellant in
the above Matter, before The Honorable United States
District Court, District of Delaware, praying this
Court to hear an immediate Matter of Serious
Constitutional Violations.



FILED

NOV 14 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

# Index

Summary  I                          PP  I – IV

Summary  II                         PP  1 – 3

Time  Constraints                   P. 6

Errors  of  Court                   PP  6 – 8

Ineffective  Assistance  of  Counsel   PP  9 – 11

Close                               PP  11, 12

# Index of Case Law

Bond v State 1827 Mart & Y 143          P. 4

Commonwealth v Aagone
317 PA 113    176 A at 454              P 4

Government of Virgin island v Webbe
821 F2d 187, 189 (3rd circuit 1987)    P 5

Lynch v overholser
369 U.S 705, 713 - 14
82 S.ct. 1063, 1069                    P. 5

Fed Rules of proc Rule 12.2 (a) 18 USCA   P 6

Byron Keith Cooper v oklahoma
No 95-5207                             P 7

USCA Const. Amend 14; S.H.A. Ch 38
§§ 104-1 to 104-3                      P 8

McMann v Richardson
90 S.ct. 1441, 1449  53 S.ct. at 63-64  P 9

308 U.S. 444, 446, 60 S.ct. 321, 322   P 9
287 U.S. at 58  53 S.ct at 60          P 11

## Index of exhibits

Exhibit  A1, A2, A3, A4          PP   13 – 16
Docket entries
and letter requesting
insanity issue

Exhibit  B                       P   17
pertaining page
from transcript

## Summary I

Appellant, on October 20, 2004, was arrested for two counts of first degree robbery and one count of Attempted Car Jacking

The events surrounding arrest — Appellant walking into a bank, no plan or disguise or weapon, scribbling a note asking for money — is indicative of Appellant's Mental Condition. Appellant stated he was being led by voices and he was hallucinating.

Appellant has a lifetime history of Mental

I

illness, Most recently receiving treatment at The veterans Administration.

On January 18, 05 Appellant Was given an abbreviated Mental Health exam at The Delaware Psychiatric Center and Was deemed Mentally Capable.

Well in advance of trial — March 7 and July 13, 05 and at trial (see exhibit A and B) Appellant Communicated to the trial Court and Attorney that he Wished to plead insanity at the time of the Crime

II

Appellant by letter and oral statement asked for a more comprehensive mental health exam accomplished by an unbiased doctor or set of doctors; Attorney stated that money was not available for this.

Attorney and Court proceeded to trial

On September 30, 05 Appellant was found guilty of all charges.

On March 15, 06 Appellant was sentenced

III

to life in prison.

On October 19, 06 public Defender Bernard
J. O'Donnel filed a No Merit Brief
to Delaware Supreme Court.

On December 12, 06 Delaware Supreme Court
Affirmed — Case # 148/2006. This Appeal
Follows,

IV

## Summary I

Appellant asserts that both the Court and his attorney violated Appellant's Constitutional rights by not having Appellant further examined by a psychiatrist or psychiatrists when it became obvious the Appellant did indeed have a mental illness.

By not answering Appellant's request for pre-trial Conference to further bring to the table Appellants Mental health past and present and Appellants desire to plead insanity, and by not allowing Appellant to bring before a Jury for them to decide Appellant's Mental

Competance and mental state at the time of the crime Appellant's Constitutional rights were bluntly and seriously violated.

On 2/17/05 a Delaware Psychiatric Center Psychologist, Charotte Selig, Filed a report regarding Appellant's mental health. This report included a statement by Dr. Selig that Appellant's long standing mental illness might be something "the Court would consider at sentencing". See trial transcript at 4 and psychologists report. By this Dr. Selig admits that Appellant has some type of

Mental illness (life long) and Appellant asserts that this "issue" should have been further investigated by a licensed psychiatrist before appellant went to trial.

Also Appellant's own psychiatrist at the Veterans administration was not allowed to testify, nor psychiatric records read at trial for a jury to consider.

## Right to Plead insanity

In Pond v state (1827) mart. 8 Y 143

"If upon question [sanity issue] the Judge is not satisfied, or has doubts, he May Call in to his assistance the aid of a Jury and submit the matter to them."

In Commonwealth v Ragone 317 PA 113 176 A at 454 The Pennsylvania Supreme Court stated that a person admittedly insane Cannot legally be tried is so sanctioned by Common Sense that it needs the citation of No formal authorities

4

Although a criminal defendant initially is presumed sane — See Government of Virgin Island v Webbe 821 F2d 187, 189 (3rd Circuit 1987) he has the right to raise the defense of insanity. See Lynch v overholser, 369 U.S. 705, 713 — 14  82 Sct 1063, 1069 82 Sct 1063, 1069 once the defendant's sanity is challenged the burden shifts to the government to prove beyond a reasonable doubt that the defendant was sane at the time of the offense.

## As To Time

When no pretrial motion deadline exists to delineate when motion [Insanity Defense] is timely / untimely, rule providing for Notice of insanity defense contains implicit requirement that Notice of intent be filed within Reasonable time. Fed Rules Cr. Proc Rule 12.2 (a) 18 U.S.C.A.    Appellant gave timely Notice of his intent to plead insanity, See exhibit A, B.

## Errors of Court

The Supreme Court Justice Stevens held that oklahoma law presuming defendant is Competent

to stand trial unless he proves incompetence by clear and convincing evidence violates due process <u>Byron Keith Cooper v Oklahoma</u> <u>No 95-5207</u>  Appellants due process rights were clearly violated when the court on its own decision, despite evidence to the contrary, proceeded to trial without giving merit to Appellant's choice to plead insanity.

Upon determination that accused's Constitutional rights were abridged by his failure to receive adequate hearing on his competence to stand trial,

a Writ of habeas corpus must issue and accused must be discharged, unless given a new trial within reasonable time. U.S.C.A. Const. Amend. 14; S.H.A. Ch. 38 §§ 104-1 to 104-3

Appellant's constitutional rights were clearly abridged and Appellant prays the Court for him to be discharged or be given a new trial within reasonable time.

## Ineffective Assistance Of Counsel

The right to Counsel is the right to effective Counsel   McMann v Richardson 90 S.ct. 1441, 1449.   "and if that be true of men of intelligence, how much more true of the ignorant and illiterate or those of feeble intellect . . ."   53 S.ct. at 63-64

The Constitution's guarantee of assistance of Counsel Cannot be Satisfied by mere formal appointment   Avery v Alabama  308 U.S. 444, 446, 60 S.ct. 321, 322.

Appellants attorney Simply " Went through the motions" of representing him , disregarding all indications of Appellants Mental illness For a speedy disposition.

"
it is not enough to assume that counsel thus precipitated into the case though there was no defense and exercised best judgment in proceeding to trial without preparation. Neither they nor the court could say what a prompt and thoroughgoing investigation might disclose as to facts.  No attempt was made to investigate. Defendants were hurried

to trial. Under the circumstances disclosed we hold that defendants were not accorded the right of counsel in any substantial sense. To decide otherwise would simply be to ignore actualities" 287 U.S. at 58, 53 S.Ct at 60

## Close

Appellant is a "Poster Child" of ineffective assistance of counsel. Counsel ignored Appellants mental state, his lifetime history of mental illness, his substantial mental health records simply to get it over with; the trial and

his legal relationship with appellant, despite the seriousness of consequences to Appellant should he not be represented correctly.

For this Appellant prays the court for immediate discharge or a new trial within a reasonable amount of time.

Respectfully Submitted ___ 11 November 07

Norman X Becker

Norman X Becker

*Exhibit A*    Exhibit A-1

Superior Court,  Newcastle County

Wilmington, Delaware


State of Delaware
        VS
Norman Becker
Case# 0410016765

Subject:  Pre-trial Conference


Defendant in the above matter requests a pre-trial conference,
as per Superior Court Criminal Rule 17.1.


The reason for this  conference is to formulate some clear
strategy that the defendant  can understand in Defendant's
upcoming trial of August 17, 2005.


Defendant has long history of mental illness and cannot
understand the full concept of his situation.  This case
may entail an insanity defense and this needs to be discussed
with all parties involved.


For these reasons Defendant requests a pre-trial conference
with his attorney and the prosecuting attorney present.


Respectfully *March 7.05*

*Norman x Becker*

NORMAN X BECKER
141903
Box 9561
Wilmington, De. 19809

13

```
            SUPERIOR COURT CRIMINAL DOCKET              Page    1
              ( as of  06/08/2006 )
```

State of Delaware v.  NORMAN X BECKER                    DOB: 06/26/1953
State's Atty: STEPHEN M WALTHER , Esq.    AKA: NORMAN BECKER
Defense Atty: EDMUND M HILLIS , Esq.           NORMAN BECKER


Assigned Judge:

Charges:

| Count | DUC# | Crim.Action# | Description | Dispo. | Dispo. Date |
|-------|------|--------------|-------------|--------|-------------|
| 001 | 0410016765 | N04110291 | ROBBERY 2ND | DISM | 11/30/2004 |
| 002 | 0410016765 | IN04110292 | ATT. CARJACKING | TG | 09/30/2005 |
| 003 | 0410016765 | IN04111095 | ROBBERY 1ST | TG | 09/30/2005 |
| 004 | 0410016765 | IN04111096 | ROBBERY 1ST | TG | 09/30/2005 |

| No. | Event Date | Event | Judge |
|-----|------------|-------|-------|
| 1 | 11/05/2004 | CASE ACCEPTED IN SUPERIOR COURT.  *Oct. 20 2004 INCIDENT* | |

```
           ARREST DATE: 10/28/2004
           PRELIMINARY HEARING DATE: 110404
           BAIL:  SECURED BAIL-HELD                  3,000.00
           CONDITION OF BAIL
           NO CONTACT WITH VICTIM DIRECT OR INDIRECT
           DEFT.TO PARTICIPATE IN MENTAL EVALUATION
           PRE-TRIAL SUPERVISION
           CURFEW 7PM - 7AM
2    11/15/2004
           INDICTMENT, TRUE BILL FILED.NO 22
           SCHEDULED FOR ARRAIGNMENT AND BAIL STATUS 11/30/04 AT 9:30
           CASE REVIEW 12/27/04 AT 9:00
3    11/17/2004
           MOTION FOR REDUCTION OF BAIL FILED.
           BY EDMUND HILLIS,ESQ
           SCHED FOR 11/30 @9:30
     11/30/2004                         REYNOLDS MICHAEL P.
           ARRAIGNMENT/BAIL STATUS HEARING:  DEFENDANT WAIVED READING, ENTERED
           PLEA OF NOT GUILTY, JURY TRIAL DEMANDED.
           BAIL SET AT SECURED BAIL-HELD            31,500.00 100%
4    11/30/2004                         REYNOLDS MICHAEL P.
           MOTION FOR REDUCTION OF BAIL DENIED.
           $31,500 SECURED-PRE-TRIAL SUPERVISION
5    12/01/2004
           NOTICE OF SERVICE - DISCOVERY RESPONSE.
           FROM THE ATTORNEY GENERAL'S OFFICE.
     12/27/2004                         JURDEN JAN R.
           CASE REVIEW CALENDAR:  SET FOR FINAL CASE REVIEW 1/18/05 @ 9
```

14

*Exhibit A-3*

SUPERIOR COURT CRIMINAL DOCKET                    Page    2
( as of  06/08/2006 )

State of Delaware v.  NORMAN X BECKER                    DOB: 06/26/1953
State's Atty: STEPHEN M WALTHER , Esq.      AKA: NORMAN BECKER
Defense Atty: EDMUND M HILLIS , Esq.             NORMAN BECKER

```
       Event
No.    Date            Event                    •         Judge
-------------------------------------------------------------------------
       12/27/2004                               JURDEN JAN R.
       CASE REVIEW CALENDAR:  TO GO TO PROBLEM CALENDAR PSY ORDER SIGNED
6      12/27/2004                               JURDEN JAN R.
       MOTION AND ORDER, FILED AND SIGNED ON 12/27/04, BY JUDGE JURDEN.
       THE DEFENDANT SHALL UNDERGO A PSYCHIATRIC/PSYCHOLOGICAL EVALUATION BY
       THE STAFF AT DELAWARE PSYCHIATRIC CENTER.
7      02/04/2005
       ORDER SCHEDULING TRIAL FILED.
       TRIAL DATE: 05/10/05
       CASE CATEGORY: #1
       ASSIGNED JUDGE (CATEGORY 1 CASES ONLY): JRJ
       UNLESS THE COURT IS ADVISED WITHIN 2 WEEKS OF THE UNAVAILABILITY
       OF NECESSARY WITNESSES, THE COURT WILL CONSIDER THE MATTER READY
       FOR TRIAL.  ABSENT EXCEPTIONAL CIRCUMSTANCES, RESCHEDULING OR
       CONTINUANCE REQUESTS WILL BE DENIED.
8      02/09/2005
       CASE REVIEW CALENDAR:  SET FOR TRIAL
9      02/17/2005
       PSYCHOLOGICAL/PSYCHIATRIC REPORT FILED.
       SUBMITTED BY:  CHAROTTE SELIG, PSYD.
       COPY SENT TO COUNSEL
15     02/28/2005
       LETTER FROM COMMISSIONER VAVALA TO COUNSEL
       RE:  10 DAYS TO REQUEST COMPETENCY HEARING
       03/28/2005                               CARPENTER WILLIAM C. JR.
       CASE REVIEW CALENDAR:  SET FOR FINAL CASE REVIEW.
       04/25/2005                               JURDEN JAN R.
       FINAL CASE REVIEW:  NO PLEA/SET FOR TRIAL 8/18/05
10     04/25/2005                               JURDEN JAN R.
       ORDER SCHEDULING TRIAL FILED.
       TRIAL DATE: 8/18/05
       CASE CATEGORY: #1
       ASSIGNED JUDGE (CATEGORY 1 CASES ONLY): JUDGE DEL PESCO
       UNLESS THE COURT IS ADVISED WITHIN 2 WEEKS OF THE UNAVAILABILITY
       OF NECESSARY WITNESSES, THE COURT WILL CONSIDER THE MATTER READY
       FOR TRIAL.  ABSENT EXCEPTIONAL CIRCUMSTANCES, RESCHEDULING OR
       CONTINUANCE REQUESTS WILL BE DENIED.
11     06/17/2005
       ORDER SCHEDULING TRIAL FILED.
       TRIAL DATE: 09/29/05
       CASE CATEGORY: #1
       ASSIGNED JUDGE (CATEGORY 1 CASES ONLY): PLA
```

*No hearing* *

*# 15*

SUPERIOR COURT CRIMINAL DOCKET                    Page      3
( as of   06/08/2006 )

State of Delaware v.  NORMAN X BECKER                          DOB: 06/26/1953
State's Atty: STEPHEN M WALTHER , Esq.       AKA: NORMAN BECKER
Defense Atty: EDMUND M HILLIS , Esq.              NORMAN BECKER

```
        Event
No.     Date         Event                              Judge
-----------------------------------------------------------------------
        UNLESS THE COURT IS ADVISED WITHIN 2 WEEKS OF THE UNAVAILABILITY
        OF NECESSARY WITNESSES, THE COURT WILL CONSIDER THE MATTER READY
        FOR TRIAL.  ABSENT EXCEPTIONAL CIRCUMSTANCES, RESCHEDULING OR
        CONTINUANCE REQUESTS WILL BE DENIED.
12      06/28/2005                           (1)
        DEFENDANT'S LETTER FILED.
        TO: JUDGE ABLEMAN
        DEFENDANT REQUEST FOR PSYCHIATRIC EVALUATION
13      07/07/2005
        REFERRAL MEMORANDUM.
14      07/13/2005                   (2)
        DEFENDANT'S REQUEST FILED.
        REQUEST FOR A PRETRIAL CONFERENCE
        REFERRED TO COUNSEL OF RECORD.
16      09/06/2005
        SUBPOENA(S) MAILED FOR JURY TRIAL ON 09/29/05 @ 8:45 AM.
17      09/21/2005                   (3)
        DEFENDANT'S LETTER FILED.
        NOTICE THAT HE WILL BE PLEADING INSANITY AT THE TIME OF THE CRIME AT
        TRIAL.
        09/29/2005                                 TOLIVER CHARLES H. IV
        TRIAL CALENDAR- WENT TO TRIAL JURY
21      09/29/2005
        SUBPOENA(S) SERVED BY SHERIFF.
22      09/29/2005
        SUBPOENA(S) SERVED BY SHERIFF.
23      09/29/2005
        SUBPOENA(S) SERVED BY SHERIFF.
18      09/30/2005                                 TOLIVER CHARLES H. IV
        JURY TRIAL HELD. JURY SELECTED AND SWORN 9/29/05. PRIOR TO JURY
        SELECTION DEFENDANT INFORMED COURT THAT HE WISHED TO PLEAD NOT GUILTY
        BY REASON OF INSANITY.  COURT INFORMED DEFENDANT HE COULD NOT USE
        INSANITY PLEA AND COURT PROCEEDED WITH TRIAL.  COURT WAS INFORMED BY
        CORRECTIONAL OFFICER HE HAD HEARD JUROR #8 SPEAKING WITH A WITNESS IN
        THIS CASE WHILE AT LUNCH. JUROR #8 WAS QUESTIONED AND COURT DECIDED
        TO REPLACE JUROR #8 WITH ALTERNATE #1. JURY FOUND DEFENDANT GUILTY OF
        ROBBERY 1ST (1095); GUILTY OF ROBBERY 1ST (1096) AND GUILTY OF ATT.
        CAR JACKING 1ST (0292) BAIL REVOKED PSI ORDERED  SENTENCING DATE:
        12/14/05 WITH JUDGE TOLIVER.
19      09/30/2005                                 TOLIVER CHARLES H. IV
        CHARGE TO THE JURY FILED.
20      09/30/2005                                 TOLIVER CHARLES H. IV
```

*Handwritten annotations:* Request Full exam Re insanity plea ; Re insanity plea

*Handwritten at bottom:* 16

EXHIBIT B

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE,

    Plaintiff,

v.               C.A. 0410016765

NORMAN X. BECKER,

    Defendant.

BEFORE:  HONORABLE CHARLES H. TOLIVER, IV, J.
and jury

APPEARANCES:

        STEPHEN M. WALTHER, ESQ.
        KARI VAN DYKE, ESQ.
        DEPARTMENT OF JUSTICE
        for the Plaintiff

        EDMUND M. HILLIS, ESQ.
        OFFICE OF THE PUBLIC DEFENDER
        for the Defendant

TRIAL TRANSCRIPT
SEPTEMBER 29, 2005

PATRICIA L. GANCI, RPR, CRR
SUPERIOR COURT OFFICIAL REPORTERS
500 N. King Street, Suite 2609, 2nd Floor
Wilmington, Delaware 19801-3725
(302) 255-0653

---

## INDEX

TESTIMONY OF PHILIP T. JACKSON
  Direct Examination by Mr. Walther..........50
  Cross-Examination by Mr. Hillis..........66
  Redirect Examination by Mr. Walther........68

TESTIMONY OF DAMON MARABLE
  Direct Examination by Mr. Walther..........69
  Direct Examination by Mr. Walther..........85

TESTIMONY OF MARTIN LENHART
  Direct Examination by Mr. Walther..........83

TESTIMONY OF CONSTANCE TOY
  Direct Examination by Mr. Walther..........86

TESTIMONY OF CHRISTOPHER VENTRESCA
  Direct Examination by Ms. Van Dyke.........92

TESTIMONY OF MICHAEL J. GROARK
  Direct Examination by Ms. Van Dyke........105
  Cross-Examination by Mr. Hillis..........111

TESTIMONY OF WILFREDO CAMPOS
  Direct Examination by Mr. Walther..........115
  Cross-Examination by Mr. Hillis..........120

TESTIMONY OF ALFRED FILIPPONE
  Direct Examination by Ms. Van Dyke.........121
  Cross-Examination by Mr. Hillis..........132

17                September 29, 2005
                Courtroom No. 4A
18                10:15 a.m.

19  PRESENT:

20      As noted. 

21      - - - - -

22      THE COURT: Good morning, this is Mr. Becker.
23  Mr. Hillis told me you want to speak with me.

---

1      THE DEFENDANT: Pardon me?

2      THE COURT: What do you want to tell me?

3      THE DEFENDANT: Yes, sir. I do. Sir, I'd like

4  to plead not guilty by reason of insanity at the time of

5  the crime.

6      THE COURT: Okay. I think it's a little late

7  for that, Mr. Becker.

8      THE DEFENDANT: Well, in what do you say that,

9  Your Honor?

10     THE COURT: Well, I think, isn't notice

11  required certainly before the date of the trial?

12     THE DEFENDANT: I haven't seen Mr. Hillis since

13  I've been locked up.

14     MR. HILLIS: Your Honor, and he hasn't seen me

15  at the institution. He has, in fact, seen me here in

16  this building, and I've discussed with him the results

17  of the examination by the Delaware Psychiatric Center

18  which was done under my motion which the Court signed.

19  Unfortunately for Mr. Becker, his record demonstrates

20  that he is, in fact, mentally ill and he suffered from

21  some kind of mental illness apparently for a very long

22  time. I think the doctor makes reference to, perhaps,

23  going back to as long as 40 years.

---

1      She actually did review some of his records

2  from the Delaware Psychiatric Center. And,

3  unfortunately, the doctor opines that his condition does

4  not, did not at the time of the offense, give rise to

5  either a finding, in her opinion, that he was not guilty

6  by reason of insanity or that he is guilty, but mentally

7  ill. She did indicate in the report that she believed

8  that his persistent and long-standing mental health

9  difficulties might be something that a Court would take

10  into consideration at sentencing. Unfortunately, if

11  he's found to be an habitual offender, that will be of

12  no moment to a Court, and the psychiatrist isn't a

13  lawyer and didn't realize that.

14     The point is this. I did, when I discussed

15  this report with Mr. Becker, indicate to him that I

16  would review the report very carefully and I would

17  consult with those in our office who possess some

18  expertise in the area. One of them being -- a couple of

19  them I talked to were psychoforensic evaluators. And,

20  unfortunately, the ultimate legal conclusion is mine,

21  and it is this: That if I were to hire another

22  psychiatrist, No. 1, I think it's very likely that I'm

23  going to get the same opinion based on my experience in

## Certificate of Service

I, _Norman X Becker_ ,hereby certify that I have served a true

And correct cop(ies) of the attached:_____ Opening brief ____

_Federal District Court_ _____ upon the following

parties/person (s):

TO: _Warden Thomas Carroll_          TO: _____

_Delaware Correctional Center_       _____

_Smyrna Smyrna De 19977_             _____

_____                           _____

_____                           _____

TO:_____                        TO: _____

_____                           _____

_____                           _____

_____                           _____

_____                           _____

BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United
States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this_____ 11th _____day of __November_____ ,200_7_

_Norman X Becker_

UM: Norman Becker
SBI# 141903    UNIT 23-D-L-12
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

U.S.M
X-R



The United States District Court
District of Delaware
Lockbox 18
844 King St.
Wilmington, Delaware
_____ 19801

Re: JJF
1:07-cv-681

Clerk of The Court
United States District Court
District of Delaware
Re JJF 1:07-CV-681

11 November 07

Dear Clerk of Court

Please Find enclosed opening brief
Regarding the above matter.

I believe the original will need
to be re stapled

Sincerely,

FILED

NOV 14 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Norman X Becker
DCC 1181 Paddock Rd.
Smyrna, De 19977