## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

NORMAN X. BECKER,                          :
                                           :
      Petitioner,                     :
                                           :
  v.                                       :    Civ. Act. No. 07-681-JJF
                                           :
PERRY PHELPS, Warden,                      :
and JOSEPH R. BIDEN, III, Attorney         :
General for the State of Delaware,         :
                                           :
      Respondents.[1]                 :

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondents state the following in response to the petition for a writ of habeas corpus:

On October 28, 2004, the petitioner, Norman X. Becker, was arrested, and he was subsequently indicted on two counts of first degree robbery and one count of first degree attempted carjacking. *See* Del. Super. Ct. Crim. Dkt. Items 1 & 2 in case no. 0410016765. In September 2005, a Delaware Superior Court jury found Becker guilty as charged. *Becker v. State*, 2006 WL 3604828, *1 (Del.).    On the first robbery conviction, Becker was sentenced as an habitual offender (*see* 11 *Del. C.* § 4214(b)) to life in prison. For the remaining convictions, Becker was sentenced to an aggregate of fifteen years at Level V incarceration, suspended after ten years for probation. *See Becker*, 2006 WL 3604828 at *1. On appeal, the Delaware Supreme Court affirmed Becker's convictions and sentence. *Id*. at *3. On October 20, 2007, Becker

---

[1] *See* Fed.R.Civ.P. 25(d)(1).  Perry Phelps became Warden of Delaware Correctional Center effective January 7, 2008, replacing former Warden Thomas Carroll, an original party to this case.

applied for federal habeas relief.[2]  D.I. 1.

Facts

As recited by the Delaware Supreme Court in *Becker v. State*, 2006 WL 3604828, *1-2

(Del.), the relevant facts leading to Becker's arrest and conviction were as follows:

> On October 20, 2004, at approximately 3:45 p.m., Becker walked into the Wilmington Trust Company building at 1001 N. Market Street, Wilmington, Delaware. He gave a teller named Damon Marable a blank deposit slip with the words "give me all of your money now" written on the back. Becker then moved his right hand back towards his hip as if he had a weapon in his pocket. Marable handed Becker a number of bills, which Becker placed in his pockets. As he was leaving the bank, Becker apologized to Marable.
>
> (6) A couple of blocks from the bank, Becker approached a pick-up truck parked at the corner of 9th and Shipley Streets. Sitting in the truck was Christopher Ventresca, a building contractor who had been working at a nearby office building. Becker, looking "crazed," tried to pull Ventresca out of the truck, saying that he had just robbed a bank, had a gun, and would kill Ventresca if he didn't get out of the truck. During the struggle, Becker pushed Ventresca out of the way and jumped into the cab of the truck behind the steering wheel. Finally, a maintenance worker from the building where Ventresca had been working ran over, pulled Becker out of the truck, and held him down until a City of Wilmington police officer arrived. The officer found Becker to be "incoherent" at the time of his arrest. He recovered $2,785.00 from Becker, which was the exact amount stolen from the bank, but found no weapon. The officer then accompanied Becker to the bank, where the teller identified Becker as the robber.
>
> (7) At trial, a latent fingerprint from Becker, which was found on the deposit slip that had been handed to the teller, was admitted into evidence. Also admitted into evidence were security photographs from Wilmington Trust, which showed Becker at the teller's window during the course of the robbery. Becker testified at trial, stating that he went to the bank in order to rob it and that he was hearing voices at the time. He attempted to testify concerning his history of mental illness, but the State objected on the ground of relevance and the judge sustained the objection.

---

[2] *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003) (a prisoner's petition is considered filed on the date he delivers it to prison officials for mailing); *Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998). Becker's petition is dated October 20, 2007, and that is presumed to be the date he turned it over to correctional officers for mailing. *See Woods v. Kearney*, 215 F. Supp. 2d 458, 460 (D. Del. 2002). Becker also certified that he placed the petition in the prison mailing system on that date. D.I. 1 at 16.

Discussion

In his petition for federal habeas relief, Becker raises two grounds for relief: (1) both his attorney and the trial court refused to grant Becker's request to plead not guilty by reason of insanity and to present evidence of mental illness at trial; and (2) ineffective assistance of counsel for failure to convey to the court Becker's desire to plead insanity. D.I. 1.

*Mental illness defense*

A state petitioner seeking federal habeas relief must first exhaust remedies available in the state courts. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Rose v. Lundy*, 455 U.S. 509, 515 (1982); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Alston v. Redman*, 34 F.3d 1237, 1241-42 (3d Cir. 1994). Becker presented his claim that he was unfairly prevented from pleading not guilty by reason of insanity and presenting evidence thereof at trial to the state supreme court on direct appeal, thus exhausting state remedies as to this claim. *See Smith v. Digmon,* 434 U.S. 332, 333-34 (1978); *Swanger v. Zimmerman,* 750 F.2d 291, 295 (3d Cir. 1984).

Under 28 U.S.C. § 2254(d), a habeas petitioner is not entitled to relief unless he can establish that the decision of the state court was contrary to, or involved an objectively unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Gattis v. Snyder*, 278 F.3d 222, 228 (3d Cir. 2002); *Werts v. Vaughn*, 228 F.3d 178, 196-97 (3d Cir. 2000); *McLaughlin v. Carroll*, 270 F. Supp.2d 490, 499 (D. Del. 2003). "A state court decision is contrary to Supreme Court precedent under § 2254(d)(1) where the state court reached a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially

3

indistinguishable facts." *Jacobs v. Horn*, 395 F.3d 92, 100 (3d Cir. 2005) (citations and internal quotations omitted). A state court decision is an unreasonable application if the court identifies the correct governing legal rule based on Supreme Court precedent but unreasonably applies it to the facts of the particular case. *Id.* (citations omitted). Moreover, factual determinations by state trial and appellate courts are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding. *See* 28 U.S.C. §§ 2254(d)(2), (e)(1). *See also Williams,* 529 U.S. at 402-13; *Affinito v. Hendricks*, 366 F.3d 252, 256-57 (3d Cir. 2004); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000).

Becker complains that he was prevented at trial from raising a defense of insanity or presenting evidence of his mental illness. The Delaware Supreme Court found Becker's claim to be without merit. *Becker*, 2006 WL 3604828 at *2. The court noted that Becker had been evaluated for competency by a psychologist at the request of the trial court, and the psychologist had found that "Becker was not only competent to stand trial, but was also sane at the time he committed the charged offenses." *Id.* Becker's counsel stated that there was no factual basis for an insanity plea. *Id.* As a result, the state supreme court held that the trial court had not erred in denying Becker's *pro se* request on the day of trial without the concurrence of his attorney to present a mental health defense. *Id.*; *see* DEL. SUPER. CT. CRIM. R. 12.2(a) (requiring notification of intent to present a defense of insanity).

The Sixth Amendment to the United States Constitution provides an accused the right to offer the testimony of favorable witnesses and "to have compulsory process for obtaining witnesses in his favor." U.S. CONST. AMEND. VI. The Supreme Court has extended the

4

Compulsory Process clause to cover a criminal defendant's right to present witnesses or evidence in his defense, "even though [such a right] is not expressly described in so many words." *Taylor v. Illinois*, 484 U.S. 400, 409 (1988). "The Compulsory Process clause protects the presentation of the defendant's case from unwarranted interference by the government, be it in the form of an unnecessary evidentiary rule, a prosecutor's misconduct, or an arbitrary ruling by the trial judge." *Government of the Virgin Islands v. Mills*, 956 F.2d 443, 445 (3d Cir. 1992). The right to present favorable testimony is not absolute, however. In *Rock v. Arkansas*, 483 U.S. 44 (1987), the Supreme Court made clear that in order to establish that a defendant was convicted in violation of compulsory process, he must show that: (1) he was deprived of the opportunity to present evidence in his favor; (2) the excluded evidence would have been material and favorable; and (3) the exclusion was arbitrary or disproportionate to any legitimate evidentiary or procedural purpose. 483 U.S. at 56. *See also United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982).

Here, Becker failed to establish either that his testimony regarding his mental disorders would have altered the jury's decision or that the exclusion of his insanity defense was arbitrary or disproportionate to any legitimate evidentiary or procedural purpose. The record reflects that on January 18, 2005, within three months of his arrest, Becker was evaluated by Charlotte Selig, PsyD.; Selig's written report was provided to the court, defense counsel and prosecutors in February 2005. *See* Del. Super. Ct. Crim. Dkt. Item 9 (report is attached to *Appellant's Opening Brief under Rule 26(c)*, *Becker v. State*, Del. Supr. No. 148, 2006). Selig concluded that "Mr. Becker appears fully capable of participating in his legal proceedings" and that at the time of the offense "he did not appear to be suffering from a psychiatric disorder that would have substantially disturbed his thinking, feeling, or behavior, and/or that any psychiatric disorder left him with insufficient will power to choose whether or not he would do the act although

5

physically capable." *Id.*, Report at 7-8.  Selig specifically wrote that Becker's "impairments do not appear to rise to the level to meet Delaware's insanity standard" or "to the level of the Delaware standard for Guilty But Mentally Ill." *Id.*, Report at 7.

On the day of trial, Becker told the judge that he wanted to enter a plea of not guilty by reason of insanity because he "was not in my right frame of mind." *Appendix to Appellant's Opening Brief* at A8, *Becker v. State*, Del. Supr. No. 148, 2006.  The court informed Becker that it was too late to raise a not guilty by reason of insanity defense.  *Id.* at A7.  Becker asked to have another psychiatric evaluation performed.  *Id.* at A8.  Becker's attorney, however, explained to the court that based on the original evaluation, and after consultation with more than one psychoforensic evaluator in the Office of the Public Defender, he could not make a good faith pleading to the court that his client could qualify for a mental health defense or that another psychiatric evaluation would be likely to alter that judgment.  *Id.* at A7-8.  The court ruled that Becker could not present a defense of not guilty by reason of insanity defense because "there is no factual basis and procedurally we're at trial's doorstep." *Id.* at A8.

Prior to the close of the state's case-in-chief, the court conducted a colloquy to determine whether Becker understood his right to testify or not to testify.  At that time, defense counsel informed the court that he had advised his client that certain testimony might be objected to by the prosecutor and that the court might sustain those objections.  *Id.* at A50.  Becker explained that he wanted to discuss his mental problems, that he was housed in prison in a unit for the mentally insane, and that he would probably be dead within a year because of the improper medications like those that had killed his cellmate.  *Id.* at A52.  The court explained that Becker could say whatever he wanted as long as there was no objection and the court did not find the testimony objectionable.  *Id.*  The court went on to say, however, that "But the other thing about

6

medical care and the rest of that is not relevant at this point in time." *Id.* Becker took the stand and testified that he went to the bank to rob it because he was hearing voices. *Id.* at A57. He also stated that when he was arrested he was taken to a mental hospital rather than jail. *Id.* at A58. On cross-examination, Becker admitted that he intended to rob the bank and tried to steal a truck to flee the scene. *Id.* at A59-60.

Based on the trial record and the forensic mental health examination report submitted to the court, Becker failed to demonstrate that further testimony regarding his mental disorders would have altered the jury's decision. Moreover, the trial court's decision to preclude Becker's untimely insanity defense was neither arbitrary nor disproportionate to legitimate evidentiary or procedural purpose. Thus, the Delaware Supreme Court's decision affirming the trial court's ruling was neither contrary to, nor an unreasonable application of United States Supreme Court precedent. This claim should be denied.

*Ineffective assistance of counsel*

Becker's second claim, that his counsel provided ineffective assistance by failing to timely inform the court of Becker's desire to plead insanity, is unexhausted. To satisfy the exhaustion requirement, the petitioner must demonstrate that he "fairly presented" his claim to the state's highest court, either on direct appeal or in a post conviction proceeding. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997) (citations omitted); *Thomas v. Carroll,* 424 F. Supp. 2d 738, 743 (D. Del. 2006). *See also Bailey v. Snyder,* 855 F. Supp. 1392, 1399 (D. Del. 1993) (noting that a petitioner "must show that he presented each claim to the Delaware Supreme Court"). A claim is "fairly presented" if the petitioner has presented the claim's factual and legal basis to the state courts in a manner that puts them on notice that a federal claim is being asserted. *Holloway v. Horn,* 355 F.3d 707, 714 (3d Cir.2004) (citing *McCandless v. Vaughn,*

172 F.3d 255, 261 (3d Cir.1999)). *See* 28 U.S.C. § 2254(b); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Landano v. Rafferty*, 897 F.2d 661, 670-71 (3d Cir. 1990); *Gibson v. Scheidemantel*, 805 F.2d 135, 139 (3d Cir. 1986). Becker did not fairly present his claim of ineffective assistance of counsel to the state supreme court on direct appeal. The proper procedural vehicle for raising ineffective assistance of counsel claims is a postconviction action under Superior Court Criminal Rule 61. *See Webster v. Kearney*, 2006 WL 572711, *4 (D. Del.); *Lecates v.Carroll*, 2003 WL 22937779, *4 (D. Del.). *See, e.g., Flamer v. State*, 585 A.2d 736, 753 (Del. 1990). To the extent Becker presented his claim to the state supreme court on direct appeal, the court refused to consider the claim because the court "will not entertain an ineffective assistance of counsel claim for the first time on direct appeal." *Becker*, 2006 WL 3604828 at *2, n.3 (citations omitted). Thus, Becker's claim remains unexhausted.

Becker filed a timely state postconviction motion raising his claim of ineffective assistance of counsel in November 2007. *See* Del. Super. Ct. Crim. Dkt. Item 35. That motion remains pending in Superior Court. If Becker is unsuccessful in obtaining relief through his motion, he can appeal that decision to the Delaware Supreme Court. *See* DEL. SUPR. CT. R. 6(a)(iii). Becker's ineffective assistance of counsel claim is simply not ripe for review until after his postconviction proceedings have been completed. *See Webster*, 2006 WL 572711 at *4. A fair reading of Criminal Rule 61 thus indicates that Becker can present his allegation of ineffective assistance to the state courts,[3] and in the absence of a state court decision clearly foreclosing his return to the state courts, Becker has an available state remedy. *See Toulson v. Beyer*, 987 F.2d 984, 987-89 (3d Cir. 1993). Because Becker has an available state remedy,

---

[3] The habeas petitioner must afford each level of the state courts a fair opportunity to address the claims. *See Doctor v. Walters*, 96 F.3d 675, 678 (3d Cir. 1993).

resort to which is not clearly foreclosed, by which to present his claim of ineffective assistance, the claim is unexhausted.

In light of the foregoing, this Court should dismiss the petition without prejudice to provide the state courts with the opportunity to rule on Becker's unexhausted claim. *See Rhines v. Weber*, 544 U.S. 269, 273-74 (2005); *Rose*, 455 U.S. at 510, 522; *Lambert*, 134 F.3d at 513; *Webster*, 2006 WL 572711 at *2-3. Although the Court has discretion to stay the habeas proceedings to allow for exhaustion, the stay and abey procedure is appropriate only in cases where, *inter alia*, the petitioner's unexhausted claims are "potentially meritorious." *Webster*, 2006 WL 572711 at *3 (quoting *Rhines*, 544 U.S. at 277)). In this case, the state courts have already determined that there was no factual basis for an insanity plea, and consequently Becker cannot establish prejudice from his attorney's decision not to pursue an insanity defense. Becker has failed to establish that he has any "potentially meritorious" claims and thus the petition must be dismissed.

Conclusion

Based upon the Superior Court docket sheets, it appears that transcripts of Becker's trial (September 29-30, 2005) and sentencing hearing (March 15, 2006) have been prepared. In the event that the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available. However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court.

For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without prejudice.

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us

Date:  February 25, 2008

Westlaw.

Not Reported in F.Supp.2d    Page 1
Not Reported in F.Supp.2d, 2006 WL 572711 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

Webster v. Kearney
D.Del.,2006.
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Daniel A. WEBSTER, Petitioner,
v.
Rick KEARNEY, Warden, and M. Jane Brady,
Attorney General of the State of Delaware,
Respondents.
**No. Civ. 04-361JJF.**

March 8, 2006.

Daniel A. Webster, Petitioner, pro se.
Thomas E. Brown, Deputy Attorney General,
Delaware Department of Justice, Wilmington,
Delaware, for Respondent.

*MEMORANDUM OPINION*

FARNAN, J.

*1 Pending before the Court is an Application
for a Writ of Habeas Corpus pursuant to 28 U.S.C. §
2254 ("Petition") filed by Petitioner, Daniel A.
Webster. (D.I.2.) For the reasons discussed, the Court
will dismiss Petitioner's Fourth Amendment claim.
As for his remaining claims, the Court concludes that
Petitioner has presented a mixed Petition containing
both exhausted and unexhausted claims. Because the
AEDPA limitations period has expired during the
pendency of the Petition in this Court and state court
relief may still be available to Petitioner, the Court
will provide Petitioner two alternatives: (1) Petitioner
can provide the Court with evidence of good cause so
the Court can determine whether a stay of the
remaining claims is warranted to allow Petitioner an
opportunity to pursue state remedies for his
unexhausted claims, or (2) Petitioner can delete his
unexhausted claims from the Petition and the Court
will proceed with a review of the merits of his
exhausted claim.

I. BACKGROUND

In May 2003, a jury convicted Petitioner of
stalking in violation of 11 Del. C. Ann. § 1312(A).
The Delaware Superior Court sentenced Petitioner to

three years imprisonment, with credit for 412 days
previously served, followed by six months probation.

Prior to trial, Petitioner's counsel filed a motion
requesting a court-ordered mental evaluation of
Petitioner. The Superior Court granted the motion,
but Petitioner refused to be examined unless his
attorney was present. The Superior Court modified
the order to clarify that the sole purpose of the
examination was to determine Petitioner's
competency to stand trial. Petitioner still refused to
be examined. As a result, the Superior Court found
that, by failing to cooperate, Petitioner waived both
the issue of his competency to stand trial and any
mental illness defense. The trial proceeded, and
Petitioner did not testify or present any evidence
regarding his mental state. After his conviction,
Petitioner appealed to the Delaware Supreme Court
arguing that he had been deprived of a possible
mental illness defense because the State Hospital
failed to evaluate his mental status, despite his refusal
to cooperate with hospital personnel. The Delaware
Supreme Court rejected Petitioner's claim and
affirmed his conviction and sentence. *Webster v.
State,* 2003 WL 23019195 (Del. Dec. 23, 2003).

Petitioner did not file a motion for state post-
conviction relief pursuant to Delaware Superior
Court Criminal Rule 61, but instead filed a Rule 35
motion for correction of illegal sentence. The
Delaware Superior Court denied Petitioner's Rule 35
motion, and the Delaware Supreme Court affirmed.
(D.I. 2, at ¶ 9.)

In June 2004, Petitioner filed the instant Petition
for federal habeas relief. (D.I.2.) Respondent filed an
Answer contending that Petitioner has presented the
Court with a mixed Petition that must be dismissed to
allow Petitioner to present his unexhausted claims to
the Delaware state courts. (D.I.10.)

II. GOVERNING LEGAL PRINCIPLES

A. *Exhaustion And Procedural Default*

*2 Before seeking habeas relief from a federal
court, a petitioner in custody pursuant to a state court

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 572711 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

judgment must first exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir.2000).

A state prisoner exhausts state remedies by giving the "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999). To satisfy this requirement, a petitioner must demonstrate that the claim was fairly presented to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997) (citations omitted); *Coverdale v. Snyder,* 2000 WL 1897290, at *2 (D.Del. Dec. 22, 2000). Fair presentation also requires the petitioner to raise the claim in a procedural context in which the state courts can consider it on the merits. *Castille v. Peoples,* 489 U.S. 346, 351 (1989).

If a federal habeas claim was not fairly presented to the state courts, and further state court review is still available, that claim is not exhausted. Generally, a federal court will dismiss without prejudice an unexhausted claim in order to give a petitioner an opportunity to present the unexhausted claim to the state courts. *Lines v. Larkins,* 208 F.3d 153, 159-60 (3d Cir.2000). However, it is possible for an unexhausted claim to be barred from further state court review due to state procedural rules. *Coleman v. Thompson,* 501 U.S. 722, 731-32 (1991). Such claims are considered to be procedurally defaulted, and the exhaustion requirement is excused. *See Slutzker v. Johnson,* 393 F.3d 373, 380 (3d Cir.2004)("[e]xhaustion is not required where pursuit of state remedies would be futile"). Federal habeas review of the merits of procedurally barred claims is precluded unless the petitioner can establish cause and prejudice for his procedural default, or that a miscarriage of justice will result if his claim is not reviewed on the merits. *See Coleman,* 501 U.S. at 745-46.

*B. Mixed Petitions*

A petition containing both exhausted and unexhausted habeas claims is referred to as a mixed petition.[FN1] *See generally Rose v. Lundy,* 455 U.S. 509 (1982). A district court must dismiss a mixed petition in its entirety without prejudice in order to give the petitioner an opportunity to present the unexhausted claims to the state courts, but only if the AEDPA's limitations period will not clearly foreclose a future collateral attack. *Rhines v. Weber,* --U.S.--, 125 S.Ct. 1528, 1533 (2005); *Pliler v. Ford,* 542 U.S. 225, 124 S.Ct. 2441, 2445 (2004); *Rose,* 455 U.S. at 510, 522; *Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997).

> FN1. When a petition contains exhausted claims and procedurally defaulted claims, the petition is not considered a mixed petition. *Slutzker,* 393 F.3d at 380; *Toulson v. Beyer,* 987 F.2d 984, 987 (3d Cir.1993)(A "petition containing unexhausted but procedurally barred claims in addition to exhausted claims [ ] is not a mixed petition.").

*3 If a petitioner presents a district court with a mixed petition, but an "outright dismissal [of the petition] could jeopardize the timeliness of a [future] collateral attack," the district court has discretion to stay the habeas proceeding in order to enable the petitioner to return to state court and exhaust state remedies. *Rhines,* 125 S.Ct. at 1533 (holding that the situations in which a federal court has discretion to engage in the stay-and-abey procedure for mixed petitions are very limited); *compare with Crews v. Horn,* 360 F.3d 146, 154 (3d Cir.2004)(holding that "a stay is the only appropriate course of action" for a mixed petition "when an outright dismissal could jeopardize the timeliness of a collateral attack."). The stay-and-abey procedure is only appropriate if the district court determines that the petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines,* 125 S.Ct. at 1535.

III. DISCUSSION

Petitioner asserts four grounds for relief in his Petition. Specifically, Petitioner contends that: (1) he was denied his Sixth Amendment right to effective assistance of counsel because counsel elected a mental illness defense and because the Superior

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 572711 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

Court denied his requests for substitute counsel; (2) he was convicted on the basis of evidence obtained by an illegal arrest; (3) his conviction violated the Double Jeopardy Clause; and (4) he was deprived of a mental illness defense because no doctor in private practice rendered an opinion as to his condition. (D.I.10.)

Respondents acknowledge that Petitioner presented his claim that he was deprived of a mental illness defense to the Delaware Supreme Court in his direct appeal. Thus, Petitioner has exhausted his state remedies with respect to this claim. See Smith v. Digmon, 434 U.S. 332, 333 (1978); Swanger v. Zimmerman, 750 F.2d 291, 295 (3d Cir.1984). However, Respondents contend that Petitioner did not exhaust state remedies for his remaining claims. Respondents contend that Petitioner can still pursue further state court review of his ineffective assistance of counsel claim, but they do not address the availability of further state court review of his other unexhausted claims. In addition, Respondents contend that Petitioner's Fourth Amendment claim, i.e. that evidence obtained from an unlawful arrest was improperly used to convict him, should be dismissed as not reviewable. Accordingly, the Court will examine each of Petitioner's remaining claims to determine (1) if dismissal of his Fourth Amendment claim is warranted, and (2) whether state remedies are still available to Petitioner for his remaining unexhausted claims.

A. *Whether Petitioner's Fourth Amendment Claim Is Cognizable On Federal Habeas Review*

Petitioner contends that his conviction was unlawful, because evidence obtained from an unlawful arrest was used against him during trial.[FN2] In *Stone v. Powell,* 428 U.S. 465 (1976), the United States Supreme Court addressed the availability of habeas relief for claims based on the Fourth Amendment. The Court concluded that a state prisoner may not be granted federal habeas relief on the grounds that evidence obtained in an unconstitutional search or seizure was introduced at trial "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim ...."*Id.* at 494.Under *Stone,* even if a petitioner did not actually litigate his claim in the state courts, federal habeas review is precluded so long as the failure to litigate was not due to some unconscionable

breakdown in the state court process. *Boyd v. Mintz,* 631 F.2d 247, 250 (3d Cir.1980); *Hubbard v. Jeffes,* 653 F.2d 99, 103 (3d Cir.1981).

> FN2. For the reasons discussed *infra* with respect to Petitioner's double jeopardy claim, the Court also concludes that this claim is unexhausted; however, a stay of this claim is not warranted under *Rhines,* because the claim is plainly non-meritorious.

*4 The Delaware state courts have a mechanism for the presentation of Fourth Amendment issues. Specifically, Rule 41 of the Delaware Superior Court Rules of Criminal Procedure authorizes a defendant to file a pre-trial motion to suppress evidence. In this case, Petitioner did not avail himself of Rule 41, and Petitioner has not alleged, and the Court cannot find, any evidence in the record indicating that Petitioner was denied the opportunity to present such a motion due to a structural defect in the state system. *See Marshall v. Hendricks,* 307 F.3d 36, 82 (3d Cir.2002). Accordingly, the Court concludes that Petitioner is precluded under *Stone* from seeking federal habeas review of his Fourth Amendment claim, and therefore, Petitioner's Fourth Amendment claim will be dismissed.

B. *Whether Petitioner's Remaining Claims Have Been Exhausted And Whether State Remedies Remain Available*

1. Ineffective assistance of counsel claim

Petitioner alleges that his counsel provided ineffective assistance because he elected to pursue a mental illness defense, and the Superior Court denied his requests for substitute counsel. In Delaware, ineffective assistance of counsel claims should be presented to the Superior Court in a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61. *See,e.g.,Russo v. Snyder,* 2000 WL 52158, at *5 (D.Del. Jan. 6, 2000). Although Petitioner did not file a Rule 61 motion in the Delaware Superior Court, the Court concludes that such a motion would not be definitively precluded.[FN3]*See Younger v. State,* 580 A.2d 552, 554 (Del.1990); *McNeil v. Snyder,* 2002 WL 202100, at *5 (D.Del. Feb. 8, 2002). A Rule 61 motion would not be time-barred because three years have not yet passed from the date on which Petitioner's conviction

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 572711 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

became final. Del.Super. Ct.Crim. R. 61(i)(1); *seeJackson v. State,* 654 A.2d 829, 833 (Del.1995).[FN4] Petitioner has not filed a previous motion under Rule 61, and therefore, the Court cannot conclude that such a motion would be barred under Rule 61(i)(2).*See*Del.Super. Ct.Crim. R. 61(i)(2); *Robinson v. State,* 562 A.2d 1184, 1185 (Del.1989). The Court is also not persuaded that a Rule 61 motion would be barred by Rule 61(i)(3), because that rule typically does not apply to ineffective assistance of counsel claims. *SeeState v. McCluskey,* 2000 WL 33114370, at *11 (Del.Super.Ct. Nov. 29, 2000); *Cobb v. State,* No. 362,1995 Order, at 7 (Del. Jan. 10, 1996). Further, the Court concludes that this claim was not formerly adjudicated, and therefore, it would not be barred by Rule 61(i)(4).*See*Del.Super. Ct.Crim. R. 61(i)(4). Accordingly, the Court concludes that Petitioner's claim of ineffective assistance of counsel has not been exhausted and state court review is not definitively precluded.

> FN3. In his form habeas Petition, Petitioner states that he filed a motion for correction of illegal sentence. (D.I. 2 at ¶ 11.) Although the state court records do not contain a copy of Petitioner's motion, the Court concludes that such a motion would have no impact on the Court's exhaustion analysis for either his ineffective assistance claim or his double jeopardy claim. *SeeBrittingham v. State,* 705 A.2d 577, 579 (Del.1998)("The narrow function of Rule 35 is to permit correction of an illegal sentence, not to reexamine errors occurring at the trial or other proceedings prior to the imposition of sentence.")(internal citation omitted).

> FN4. For relevant purposes, Petitioner's conviction became final on December 23, 2003, the date the Delaware Supreme Court issued its mandate.Del.Super. Ct.Crim. R. 61(m)(2). Petitioner is well within the three year time period for filing a post-conviction motion.

2. Double jeopardy claim

Petitioner also raises a claim that his conviction violates double jeopardy. Although Petitioner failed to raise this claim on direct appeal or in a Rule 61

post-conviction proceeding, the Court concludes that Petitioner is not definitely precluded from filing a post-conviction motion in state court. In reaching this conclusion, the Court acknowledges that Petitioner may be precluded from filing a Rule 61 motion under Rule 61(i)(3) because he failed to raise this claim on direct appeal; however, Petitioner may overcome this procedural bar demonstrating cause and prejudice. Accordingly, the Court concludes that Petitioner's double jeopardy claim has not been exhausted, and state court review is not definitively precluded.

### C. Whether A Stay Of The Petition Is Warranted

**\*5** Because Petitioner has presented the Court with a mixed petition containing both exhausted and unexhausted claims, the Court must determine whether it is appropriate to dismiss the Petition to allow Petitioner to pursue his available state remedies or whether a stay of the Petition is warranted. In making this determination, the Court observes that, during the pendency of his Petition in this Court, the AEDPA's limitation period has expired.[FN5]As a result, if the Court were to dismiss the Petition without prejudice in order to give Petitioner an opportunity to exhaust state remedies for his unexhausted claims, Petitioner would be precluded from filing a new federal habeas petition due to the expiration of the AEDPA's limitations period. In these circumstances, the Court has discretion to determine whether it should stay the instant habeas proceeding to afford Petitioner an opportunity to present his unexhausted claims to the Delaware state courts. *Rhines,* 125 S.Ct. at 1533-35.

> FN5. The Delaware Supreme Court affirmed Petitioner's conviction and sentence in December 2003. His conviction became final ninety days thereafter, in March 2004. Accordingly, the Court concludes that the AEDPA's one-year limitations period expired in the Spring of 2005.

A stay is warranted if the Court determines that Petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."*Id.* at 1535.Liberally construing Petitioner's allegations at this stage of the proceedings, the Court cannot conclude that his unexhausted claims are clearly non-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 572711 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

meritorious. Further, the Court cannot conclude at this juncture that Petitioner engaged in dilatory litigation tactics by failing to exhaust his state remedies. Petitioner filed a direct appeal and a Rule 35 motion to correct his sentence. His direct appeal was decided in December 2003, and he filed the instant habeas application in June 2004. Given his prior attempts to obtain state court relief and the relatively short six month period between these attempts and his decision to seek federal habeas review, the Court cannot conclude that Petitioner's failure to exhaust state remedies was dilatory in nature. See *Rhines,* 125 S.Ct. at 1535.

As for the good cause requirement, however, the Court has insufficient information at this juncture to make a determination as to whether Petitioner has established good cause. Petitioner does not allege, and the Court cannot discern, any cause for Petitioner's failure to exhaust his state remedies with respect to his ineffective assistance and double jeopardy claims; however, courts have afforded petitioners in similar circumstances an opportunity to demonstrate whether they had good cause for failing to exhaust their state remedies. *See e.g. Shaeib v. Berghuis,* 2005 WL 3337759 (W.D.Mich. Dec. 8, 2005); *Bryant v. Greiner,* 2005 WL 3071476 (S.D.N.Y. Nov. 15, 2005). Further, the Court notes that the statute of limitations had not expired at the time that the State filed its Answer, and the Court has raised this issue *suasponte.* Accordingly, the Court will provide Petitioner with the opportunity to supplement his Petition with information related to the issue of good cause so the Court can determine whether a stay of the Petition is warranted.

*\*6 In the alternative, however, Petitioner may wish to delete his unexhausted claims and proceed with his exhausted claim. *Rhines,* 125 S.Ct. at 1535. If Petitioner chooses this option, he should be aware that he will be precluded from obtaining federal habeas review of the deleted claims at a later date. *See* 28 U.S.C. § 2244.

V. CERTIFICATE OF APPEALABILITY

Pursuant to Third Circuit Local Appellate Rule 22.2, the Court must determine whether to issue a certificate of appealability. A certificate of appealability may only be issued when a petitioner makes a "substantial showing of the denial of a

constitutional right."28 U.S.C. § 2253(c)(2). A petitioner establishes a "substantial showing" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

In this case, the Court is not persuaded that reasonable jurists would debate the correctness of the Court's decision to dismiss his search and seizure claim and provide Petitioner with an opportunity to show good cause to justify a stay of his remaining claims. Accordingly, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right, and therefore, the Court declines to issue a Certificate of Appealability.

VI. CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's Fourth Amendment claim because it fails to provide a proper basis for federal habeas relief. Because the Petition contains both exhausted and unexhausted claims, and the AEDPA's limitations period has expired, the Court will provide Petitioner with an opportunity to inform the Court as to whether he had good cause for his failure to exhaust state remedies so that the Court can determine whether it should stay the Petition under *Rhines* or dismiss it as a mixed Petition under *Rose.* Petitioner should be aware that if good cause is not demonstrated and the Petition is dismissed under *Rose,* Petitioner may be unable to seek federal habeas review of any of his claims, because any later refiling of his Petition may be barred by the AEDPA limitations period.

In the alternative, the Court will also provide Petitioner with the opportunity to delete his unexhausted claims for ineffective assistance of counsel and double jeopardy and proceed with his exhausted claim related to the alleged deprivation of his mental illness defense. If Petitioner chooses this course of action, he should be aware that, by deleting his unexhausted claims, he may be unable to obtain federal habeas review of those claims at any future point in time. *See* 28 U.S.C. § 2244.

An appropriate Order will be entered.

*ORDER*

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 572711 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

At Wilmington, this *8* day of March 2006, for the reasons set forth in the Memorandum Opinion issued this date,

IT IS HEREBY ORDERED that:

1. Petitioner Daniel A. Webster's claim based on the Fourth Amendment is *DISMISSED* for failing to present an issue cognizable on federal habeas review. (D.I. 2, at ¶ 12(b).)

*7 2. Not later than March 30, 2006, Petitioner Daniel A. Webster shall either: (1) inform the Court in writing that he intends to delete the unexhausted claims for ineffective assistance of counsel and double jeopardy from his Petition and proceed only with his exhausted claim related to his mental illness defense; or (2) file a Memorandum addressing whether he had good cause for his failure to exhaust his claims for ineffective assistance of counsel and double jeopardy so that the Court can determine whether a stay of the Petition is warranted to allow Petitioner an opportunity to present these claims to the Delaware state courts.

3. If Petitioner fails to comply with either alternative, the Court will presume that Petitioner did not have good cause for his failure to exhaust state court remedies for his unexhausted claims and dismiss the Petition in its entirety as a mixed Petition.

4. Because Petitioner has failed to make a "substantial showing of the denial of a constitutional right," the Court declines to issue a Certificate of Appealability pursuant to 28 U.S.C. § 2253(c)(2).

D.Del.,2006.
Webster v. Kearney
Not Reported in F.Supp.2d, 2006 WL 572711 (D.Del.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                                        Page 1
Not Reported in F.Supp.2d, 2003 WL 22937779 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Martin W. LECATES, Petitioner,
v.
Thomas L. CARROLL, Warden, Respondent.
No. Civ.A. 02-1567-JJF.

Sept. 29, 2003.

Martin W. Lecates, Petitioner, pro se.
Loren C. Meyers, Chief of Appeals Division, Delaware Department of Justice, Wilmington, Delaware, for Respondent.

*MEMORANDUM OPINION*

FARNAN, J.

I. INTRODUCTION

*1 Petitioner Martin W. Lecates is a Delaware inmate in custody at the Delaware Correctional Center in Smyrna, Delaware. Currently before the Court is Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I.s 4, 11.) For the reasons that follow, unless Petitioner voluntarily dismisses his unexhausted claims, the Court will dismiss the entire petition without prejudice for failure to exhaust state remedies.

II. BACKGROUND

In December 2001, Petitioner was indicted for second degree rape and second degree sexual contact. On July 28, 2002, Petitioner pled guilty to one count of second degree rape. He was sentenced to twenty years imprisonment, to be suspended after ten years imprisonment, and then ten years combined home confinement and probation.

Petitioner appealed his sentence, asserting one claim that his counsel's ineffective assistance of counsel led to an involuntary plea and one claim for police misconduct. The Delaware Supreme Court affirmed his conviction. *Lecates v. State,* No. 478,2002 (Del. Mar. 4, 2003).

While the appeal was pending, Petitioner filed several Rule

61 motions for post-conviction relief. The Superior Court rejected the motions without prejudice because they were premature.

On October 28, 2002 and November 13, 2002, Petitioner filed two substantially similar habeas petitions, which the Court will regard as one all-inclusive petition.[FN1] (D.I.s 4, 11.) He appears to assert two claims for ineffective assistance of counsel and two claims regarding the police investigation. (*Id.*) Respondent contends that the ineffective assistance of counsel claims are unexhausted, and therefore, requests the Court to dismiss this mixed habeas petition. Respondent also asserts that Petitioner's police investigation claims do not provide a basis for federal habeas relief under 28 U.S.C. § 2254(d)(1). (D.I.16.)

> FN1. Petitioner filed an original federal habeas petition on October 28, 2002. (D.I.4.) At the same time, he filed the AEDPA election form indicating that he wanted to withdraw his § 2254 petition to file one all-inclusive petition in the future. *Id.* Then, on November 13, 2002, Petitioner filed a document titled "Motion for PostConviction Relief" with a heading for the Delaware Superior Court. (D.I.11.) In any event, the substance of both "petitions" is the same. (D.I.s 4, 11.)

III. GOVERNING LEGAL PRINCIPLES

A federal district court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before a court can reach the merits of a habeas petition, the court must first determine whether the requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are satisfied. The federal habeas statute states:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                           Page 2
Not Reported in F.Supp.2d, 2003 WL 22937779 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

When seeking habeas relief from a federal court, a state petitioner must first exhaust remedies available in the state courts. The state prisoner must give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *Werts,* 228 F.3d at 192.

*2 To satisfy the exhaustion requirement, a petitioner must demonstrate that the claim was fairly presented to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997) (citations omitted); *Coverdale v. Snyder,* 2000 WL 1897290, at *2 (D.Del. Dec. 22, 2000). However, if the petitioner did raise the issue on direct appeal, then the petitioner does not need to raise the same issue again in a state post-conviction proceeding. *Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1996); *Evans v. Court of Common Pleas, Delaware County, Pennsylvania,* 959 F.2d 1227, 1230 (3d Cir.1992) (citations omitted).

A petitioner "fairly presents" a federal claim for purposes of exhaustion by presenting to the state's highest court a legal theory and facts that are "substantially equivalent" to those contained in the federal habeas petition. *Coverdale,* 2000 WL 1897290, at *2; *Doctor v. Walters,* 96 F.3d 675, 678 (3d Cir.1996). It is not necessary for the petitioner to identify a specific constitutional provision in his state court brief, provided that "the substance of the ... state claim is virtually indistinguishable from the [constitutional] allegation raised in federal court." *Santana v. Fenton,* 685 F.2d 71, 74 (3d Cir.1982) (quoting *Biscaccia v. Attorney General of New Jersey,* 623 F.2d 307, 312 (3d Cir.1980). Fair presentation also requires raising the claim in a procedural context in which the state courts can consider it on the merits. *Castille v. Peoples,* 489 U.S. 346, 351 (1989). The state courts do not have to actually consider or discuss the issues in the federal claim, provided that the petitioner did, in fact, present

such issues to the court. *See Swanger v. Zimmerman,* 750 F.2d 291, 295 (3d Cir.1984).

If a petitioner failed to exhaust state remedies and state procedural rules preclude further relief in the state courts, the exhaustion requirement is deemed satisfied because there is no available state remedy. *Lines,* 208 F.3d at 160; *Wenger v. Frank,* 266 F.3d 218, 223 (3d Cir.2001); *see Teague v. Lane,* 489 U.S. 288, 297-98 (1989). However, even though these claims are treated as exhausted, they are still procedurally defaulted. *Lines,* 208 F.3d at 160. In addition, if a state court refused to consider a petitioner's claims for failing to comply with an independent and adequate state procedural rule, the claims are deemed exhausted but, once again, procedurally defaulted. *Harris v.. Reed,* 489 U.S. 255, 263 (1989); *Werts,* 228 F.3d at 192.

A federal court may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or a fundamental miscarriage of justice. *McCandless,* 172 F.3d at 260; *Coleman v. Thompson,* 501 U.S. 722, 750-51 (1999); *Caswell v. Ryan,* 953 F.2d 853, 861-62 (3d Cir.1992). To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). A petitioner can demonstrate actual prejudice by showing "not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494. However, if the petitioner does not allege cause for the procedural default, then the federal court does not have to determine whether the petitioner has demonstrated actual prejudice. *See Smith v. Murray,* 477 U.S. 527, 533 (1986).

*3 Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir.2001). In order to demonstrate a miscarriage of justice, the petitioner must show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 22937779 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

Page 3

at 496. A petitioner establishes actual innocence by proving that no reasonable juror would have voted to find him guilty beyond a reasonable doubt. *Sweger v. Chesney,* 294 F.3d 506, 522-24 (3d Cir.2002). The miscarriage of justice exception applies only in extraordinary circumstances and is appropriate only when actual innocence is established, rather than legal innocence. *Sawyer v. Whitley,* 505 U.S. 333, 339 (1992).

### IV. DISCUSSION

In his habeas petition, Petitioner raises the following claims for relief:

(1) His attorney provided ineffective assistance of counsel because she did not discuss the rape case with him

(2) The police investigation led to two different charges and the deputy attorney general did not address this issue

(3) The police officer investigating the rape claim did not read Petitioner his Miranda rights and also coerced the victim

(4) His attorney did not adequately investigate the charges

Respondent argues that Petitioner did not fairly present the ineffective assistance of counsel claims to the Delaware Supreme Court. As a result, the ineffective assistance of counsels claim are unexhausted. Respondent argues that the Court must dismiss this mixed petition unless Petitioner voluntarily dismisses the unexhausted claims. Respondent further asserts that the police misconduct claims do not provide a basis for federal habeas relief under 2254(d)(1).

The Court agrees with Respondent's assertion that Petitioner did not exhaust state remedies with respect to the ineffective assistance of counsel claims. In Delaware, it is well-settled that an ineffective assistance of counsel claim must first be raised in a post-conviction motion pursuant to Superior Court Criminal Rule 61. *Kendall v. Attorney General of Delaware,* 2002 WL 531221, at *4 n .2 (D.Del. Mar. 26, 2002). Claims alleging ineffective assistance of counsel will not be considered on direct appeal for the first time. *See, e.g., Duross v. State,* 494 A.2d 1265, 1267 (Del.1985); *Wright v. State,* 633 A.2d 329, 336 n. 14 (Del.1993).

By presenting these claims to the state supreme court on direct appeal, Petitioner did not utilize the correct procedural device permitting the Delaware courts to consider the ineffective assistance of counsel claims on the merits. *See Dickens v. Redman,* C.A. No. 91-90-SLR, at 8 (D.Del. Jan. 11, 1993). Indeed, the Delaware Supreme Court even stated that it could not consider the ineffective assistance of counsel claim for the first time on direct appeal. *Lecates,* No. 478,2002 at ¶ 5. As such, Petitioner did not exhaust state remedies with respect to these claims.

*4 According to Respondent, Petitioner may return to state court and raise the ineffective assistance of counsel claims in a Rule 61 post-conviction motion. (D.I.16.) Respondent contends that although the Delaware Supreme Court stated that it would not consider the claim of ineffective assistance of counsel for the first time on direct appeal, this statement does not foreclose Petitioner's return to state courts. *O'Halloran v. Ryan,* 835 F.2d 506, 509 (3d Cir.1987) (the state supreme court "did not remand for a hearing, nor did it hold that the claim of ineffective assistance of counsel had been waived, nor did it preclude further consideration of the matter); *Toulson v. Beyer,* 987 F.2d 984, 987-89 (3d Cir.1993).

The Court agrees with Respondent's assertion that Petitioner may present his ineffective assistance of counsel claims to the Superior Court in a Rule 61 motion. Although Rule 61 imposes several procedural hurdles that must be satisfied before a state court will consider the merits of a petitioner's claim, none of the bars apply in the present situation. *See* Super. Ct. R.Crim. P. 61(i); *Younger v. State,* 580 A.2d 552, 554 (Del.1990). First, the time for filing a post-conviction motion has not yet expired. Super. Ct. R.Crim. P. 61(i)(1). Second, these claims were not previously litigated, and thus, they are not barred by Rule 61(i)(4). Further, Rule 61(i)(2) does not bar further review because Petitioner has not yet asserted an appropriately filed post-conviction motion. Finally, Rule 61(i)(3) does not preclude further state releif because the appropriate method for raising an ineffective assistance of counsel claim is in a post-conviction proceeding, not in the proceeding leading up to the final judgment. *See Kendall,* 2002 WL 531221, at *4, n. 2 In short, because Petitioner has an available state remedy, he must exhaust this

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 22937779 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

Page 4

remedy before seeking federal habeas relief.

Respondent also contends that Petitioner has exhausted state remedies with respect to the police misconduct claims. If true, then Petitioner has presented this Court with a petition containing both exhausted and unexhausted claims ("mixed petition"). The Third Circuit requires a mixed petition to be dismissed without prejudice in order to permit the petitioner to exhaust state remedies. *See Rose v. Lundy,* 455 U.S. 509, 522 (1982); *Christy v. Horn,* 115 F.3d 201, 206, 207 (3d Cir.1997); *see also Brockenbrough v. Snyder,* 890 F.Supp. 342 (D.Del.1995)(where petitioner has not exhausted state remedies, a federal court may dismiss without prejudice in order to permit petitioner an opportunity to re-file his habeas petition after he exhausts available state remedies). Thus, the Court must now determine if Petitioner has, indeed, presented the Court with a mixed petition.

A thorough review of the record reveals that Petitioner did present his police misconduct claims to the Delaware Supreme Court in his direct appeal, thereby exhausting state remedies with respect to these claims. (D.I. 18, Appellant's Op. Br. in *Lecates v. State,* No.478,2002); *Lecates,* No. 478,2002, at ¶ 3. As a result, Petitioner has presented the Court with a mixed petition. Consequently, unless Petitioner decides to dismiss the unexhausted claims, the Court must dismiss the entire petition to permit Petitioner to return to the state courts to exhaust state remedies. *McMahon v. Fulcomer,* 821 F.2d 934, 940 (3d Cir.1987).[FN2]

> FN2. The Court acknowledges Respondent's argument that Petitioner's claims of police misconduct do not provide federal habeas relief under 28 U.S.C. § 2254(d). (D.I. 16 at ¶ 4.) Unfortunately, because the Court is required to dismiss this mixed petition at this point in time, the Court cannot address this contention.

*5 Before concluding, the Court must note the ramifications of either course of action. If Petitioner does decide to voluntarily dismiss the two unexhausted claims, those claims may thereafter be barred by the one-year time period for filing a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1). If, however, Petitioner does not voluntarily dismiss the two unexhausted claims, and the Court dismisses the entire petition

without prejudice, then all of the claims may thereafter be barred by the one-year filing period. *Id.* Thus, Petitioner must consider the effect of the one-year time period before responding to the Court.

## V. Certificate of Appealability

Finally, the Court must decide whether to issue a certificate of appealabilty. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability may only be issued when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the denial of a constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Moreover, when a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further ." *Id.*

For the reasons stated above, the Court concludes that Petitioner has presented the Court with a mixed petition containing both exhausted and unexhausted claims. As a result, unless Petitioner voluntarily deletes the unexhausted claims, the Court must dismiss the entire petition without prejudice. Reasonable jurists would not find these conclusions unreasonable. Consequently, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

## VI. CONCLUSION

For the foregoing reasons, the Court concludes that Petitioner has presented a mixed petition containing both exhausted and unexhausted claims. As such, unless Petitioner volun-

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2008, I electronically filed an answer to a habeas petition with the Clerk of Court using CM/ECF. I also hereby certify that on February 25, 2008, I have mailed by United States Postal Service, the same documents to the following non-registered participant:

Norman X. Becker
SBI No. 141903
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us