IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NORMAN X. BECKER, | : |
| | : |
| Petitioner, | : |
| | : |
| v. | : Civ. No. 07-681-JJF |
| | : |
| PERRY PHELPS, | : |
| Warden, and ATTORNEY | : |
| GENERAL OF THE STATE | : |
| OF DELAWARE, | : |
| | : |
| Respondents. | : |

**MEMORANDUM ORDER**

Petitioner Norman X. Becker has filed a Motion For The Appointment Of Counsel. (D.I. 6.) Petitioner requests the appointment of counsel because "his mental health issues proscribe him from understanding the complexity of the law" in his case and the person presently assisting him is going to be transferred to another facility.

Petitioner has no automatic constitutional or statutory right to representation in a federal habeas proceeding. See Coleman v. Thompson, 501 U.S. 722, 752 (1991); Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991); United States v. Roberson, 194 F.3d 408, 415 n.5 (3d Cir. 1999). A court may, however, seek representation by counsel for a petitioner "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [petitioner] resulting . . . from [petitioner's] probable inability without such assistance to present the facts and legal issues to the court in a complex but

arguably meritorious case." Tabron v. Grace, 6 F.3d 147, 154 (3d Cir. 1993)(citing Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); 18 U.S.C. § 3006A (a)(2)(B)(representation by counsel may be provided when a court determines that the "interests of justice so require"). Instructive factors affecting a court's decision regarding the appointment of counsel include: (1) the merits of the petitioner's claim; (2) the petitioner's ability to present his case considering his education, literacy, experience, and the restraints placed upon him by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the petitioner's ability to pursue such investigation; and (5) the degree to which the case turns on credibility determinations or expert testimony. Tabron, 6 F.3d at 155-156.

After reviewing Petitioner's Motion and the documents filed, the Court concludes that the case is not so factually or legally complex at this juncture that it requires the appointment of counsel. Petitioner has not provided documentation supporting his assertions that he is currently suffering form mental illness, and Petitioner's filing in the case demonstrate his ability to articulate his claims and represent himself in ths proceeding. It also does not appear that expert testimony will be necessary or that the ultimate resolution of the Petition will depend upon credibility determinations.

Now Therefore, It Is Hereby Ordered that Petitioner's Motion For The Appointment Of Counsel (D.I. 6.) is **DENIED** without prejudice to renew.

April 28, 2008
DATE

[signature]
UNITED STATES DISTRICT JUDGE