IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
NORMAN X. BECKER,                   :
                                    :
            Petitioner,             :
                                    :
    v.                              :    Civ. Act. No. 07-681-JJF
                                    :
PERRY PHELPS, Warden, and           :
ATTORNEY GENERAL FOR THE STATE      :
OF DELAWARE,                        :
                                    :
            Respondents.¹           :
```

_____

Norman X. Becker.  Pro se Petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware
Department of Justice, Wilmington, Delaware.  Attorney for
Respondent.

_____

**MEMORANDUM OPINION**

March  **16** , 2009
Wilmington, Delaware

_____

¹Warden Perry Phelps assumed office in January, 2008,
replacing former Warden Thomas Carroll, an original party to this
case.  See Fed. R. Civ. P. 25(d)(1).

**Farnan, District Judge**

Pending before the Court is an Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") filed by Petitioner, Norman X. Becker. (D.I. 1.) For the reasons discussed, the Court concludes that the Petition contains both exhausted and unexhausted claims, and will therefore dismiss the Petition without prejudice in order to provide Petitioner with an opportunity to exhaust state remedies.

## I. BACKGROUND

In September 2005, a Delaware Superior Court jury convicted Petitioner on two counts of first degree robbery and one count of first degree attempted carjacking. Becker v. State, 913 A.2d 569 (Table), 2006 WL 3604828, at *1 (Del. Dec. 12, 2006). On the first robbery conviction, the Delaware Superior Court sentenced Petitioner as an habitual offender to life in prison. For the remaining convictions, Petitioner was sentenced to an aggregate of fifteen years at Level V incarceration, suspended after ten years for probation. Id. Petitioner appealed, and the Delaware Supreme Court affirmed Petitioner's convictions and sentences. Id. at *3.

In October, 2007, Petitioner timely filed the § 2254 Petition presently pending before the Court. (D.I. 1.) Thereafter, in November 2007, Petitioner filed in the Delaware Superior Court a timely motion for state post-conviction relief

1

pursuant to Delaware Superior Court Criminal Rule 61.  <u>See</u> (D.I.
13, Motion for Postconviction Relief)

     In February 2008, Respondents filed an Answer contending
that Petitioner has presented the Court with a mixed Petition
that must be dismissed in order to allow Petitioner to present
his unexhausted claims to the Delaware state courts.  (D.I. 12.)
In an Order dated October 21, 2008, the Court requested
Respondents to provide an update on the status of Petitioner's
Rule 61 proceeding.  (D.I. 16.)  In a letter dated October 31,
2008, Respondents informed the Court that the Rule 61 motion is
still pending before the Superior Court.  (D.I. 17.)

## II.  GOVERNING LEGAL PRINCIPLES

     A district court can entertain a state prisoner's
application for federal habeas relief only on the ground that his
custody violates the Constitution or laws or treaties of the
United States.  28 U.S.C. § 2254(a).  Absent exceptional
circumstances, a federal court cannot review a habeas petition on
the merits unless the petitioner has exhausted his remedies under
state law.  28 U.S.C. § 2254(b);  <u>O'Sullivan v. Boerckel</u>, 526
U.S. 838, 842-44 (1999);  <u>Picard v. Connor</u>, 404 U.S. 270, 275
(1971).  A petitioner satisfies the exhaustion requirement by
presenting his claim to the state's highest court, either on
direct appeal or in a post-conviction proceeding.  <u>O'Sullivan</u>,
526 U.S. at 844-45;  <u>See</u> <u>Lambert v. Blackwell</u>, 134 F.3d 506, 513

(3d Cir. 1997).  Generally, a federal court will dismiss without prejudice a habeas petition consisting entirely of unexhausted claims in order to give a petitioner an opportunity to present the unexhausted claim to the state courts.  Lines v. Larkins, 208 F.3d 153, 159-60 (3d Cir. 2000).

Sometimes a petitioner will present a federal district court with a mixed petition, which is a petition containing both exhausted and unexhausted habeas claims.  See generally Rose v. Lundy, 455 U.S. 509 (1982).  As a general rule, when a petitioner presents a district court with a mixed petition, and the operation of the federal limitations period will not clearly foreclose a future collateral attack, the district court must dismiss the entire petition without prejudice to permit exhaustion of state remedies for the unexhausted claims.  See Rhines v. Weber, 544 U.S. 269 (2005);  Pliler v. Ford, 542 U.S. 225 (2004);  Rose, 455 U.S. at 510, 522;  Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).  Recently, however, in Urcinoli v. Cathel, 546 F.3d 269, 275-77, 277 n.9 (3d Cir. 2008), the Third Circuit explained that, prior to dismissing a mixed petition, it would be "good practice" for a district court to provide the petitioner with a choice of three procedural options for proceeding with his mixed petition.  The three alternatives include:  (1) dismissal of the petition without prejudice in order to enable the petitioner to return to state court to

3

exhaust state remedies; (2) deletion of the unexhausted claims from the petition so that the habeas proceeding would continue with only the remaining exhausted claims; and (3) in limited circumstances, staying the mixed petition and holding the case in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Id. at *3. The language in the Urcinoli decision suggests that a district court should inform a petitioner of these three options before deciding to dismiss the petition without prejudice even when the operation of the AEDPA one-year period will not clearly foreclose a future collateral attack. Id. at *6 n.9.

## III. DISCUSSION

The Petition in this proceeding asserts two grounds for relief: (1) the trial court erred in refusing refused to grant Petitioner's request to plead not guilty by reason of insanity, as well as Petitioner's request to present evidence of his mental illness at trial; and (2) defense counsel provided ineffective assistance by failing to convey to the trial court Petitioner's desire to plead insanity.

Respondents acknowledge, and the record reveals, that Petitioner presented Claim One to the Delaware Supreme Court in his direct appeal. Thus, the Court concludes that Petitioner has exhausted his state remedies with respect to Claim One. See Smith v. Digmon, 434 U.S. 332, 333 (1978); Swanger v. Zimmerman,

750 F.2d 291, 295 (3d Cir. 1984).

The record reveals that Petitioner presented Claim Two the Delaware Supreme Court in his direct appeal, and that he also raised Claim Two in the Rule 61 motion he filed in the Superior Court. Despite these presentations, however, the Court concurs with Respondents' contention that Petitioner has not exhausted state remedies for Claim Two. To begin, in Delaware, ineffective assistance claims must be raised for the first time to the Delaware Superior Court in a Rule 61 motion for post-conviction relief. See Webster v. Kearney, 2006 WL 572711, at *4 (D. Del. Mar. 8, 2006); Flamer v. State, 585 A.2d 736, 753 (Del. 1990). Therefore, Petitioner's presentation of Claim Two during his direct appeal did not satisfy the exhaustion requirement.

Second, although Petitioner timely and properly presented his ineffective assistance of counsel claim to the Superior Court in Rule 61 motion, the Superior Court has not yet issued a decision in that proceeding. Consequently, Petitioner's ineffective assistance of counsel claim will not be exhausted until Petitioner appeals any adverse decision by the Superior Court to the Delaware Supreme Court, and the Delaware Supreme Court renders a decision in that proceeding. See Pringle v. Caroll, 2006 WL 1319545, at *2 (D. Del. May 15, 2006).

Based on this record, the Court concludes that the instant Petition is a mixed petition containing both exhausted and

5

unexhausted claims. Rhines, 125 S.Ct. at 1533-35. Although the Court has discretion to stay the Petition and hold it in abeyance while Petitioner exhausts his claims, the Court concludes that a stay is not warranted in this case. Rhines, 544 U.S. at 277-78 (holding that a stay is warranted if the petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."). Petitioner has not offered any reason for his failure to satisfy the exhaustion requirement prior to filing the instant Petition. Consequently, he has not demonstrated good cause for his failure to exhaust, nor has he demonstrated that his failure to exhaust was not an intentional act of delay.

Having determined that the "stay and abey" procedure is not warranted, the Court will provide Petitioner with two options for proceeding with the Petition. First, Petitioner may delete his unexhausted claim for ineffective assistance of counsel and proceed with his exhausted claim related to the alleged deprivation of his insanity defense. If Petitioner chooses this course of action, he should be aware that, by deleting his unexhausted claim, he may be unable to obtain federal habeas review of that claim at any future point in time. See 28 U.S.C. § 2244.

The second option available to Petitioner is for the Court

6

to dismiss the entire Petition without prejudice in order to enable Petitioner to re-file the entire Petition once the Delaware State Courts have completed their post-conviction review of Petitioner's pending Rule 61 motion. If Petitioner chooses this course of action, he should pay attention to the one-year statute of limitations period applicable to federal habeas petitions to avoid any future re-filing of his Petition from being time-barred by the Federal habeas statute of limitations.[2]

## IV.  CONCLUSION

For the foregoing reasons, the Court concludes that the Petition contains both exhausted and unexhausted claims. Having concluded that the stay-and-abey procedure is not warranted in this case, the Court will provide Petitioner with an opportunity

---

[2]Habeas petitions filed pursuant to 28 U.S. C. § 2254 must be filed within one year of the judgment of conviction becoming final, and the limitations period is tolled during the pendency of properly filed applications for state post-conviction relief. See 28 U.S.C. § 2244(d)(1),(2). The record reveals that Petitioner's conviction became final for the purpose of AEDPA's limitations period in early April, 2007. See Kapral v. United States, 166 F.3d 565, 575, 578 (3d Cir. 1999)(when a petitioner does not pursue certiorari review in the United States Supreme Court, his judgment of conviction does not become final until the expiration of the 90 day period for seeking such review). Petitioner filed his Rule 61 motion in the Delaware Superior Court on November 13, 2007, and given the Superior Court's request for defense counsel to provide a Rule 61 motion, it appears that the Rule 61 motion is properly filed. As a result, Petitioner's Rule 61 motion it will toll AEDPA's one year filing period from November 13, 2007 until: (1) the Delaware Supreme Court issues a decision in a post-conviction appeal filed after the Superior Court's decision; or (2) until 30 days after the Superior Court issues a decision in Petitioner's Rule 61 proceeding if he does not file a post-conviction appeal.

to inform the Court as to whether he wishes to: (1) delete the unexhausted claim from the Petition (Claim Two) and proceed only with the exhausted claim (Claim One); or (2) have the entire Petition dismissed without prejudice so that he can re-file both claims in a new Petition once he has exhausted state remedies.

An appropriate Order will be entered.